UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIAN R. HOOD, JR.,

    Plaintiff,

v.                                                                   Case No.  1:15-CV-434

UNITED STATES POSTAL SERVICE,          HON. GORDON J. QUIST

    Defendant.
                                        /

**OPINION**

This is one of many lawsuits filed by Plaintiff, Julian R. Hood, Jr., a former employee of the United States Postal Service (USPS) proceeding *pro se*. Hood, whose employment with the USPS terminated in April of 2004, has sued the USPS alleging that it violated the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.* Hood alleges that during his employment with the USPS, the USPS violated the FMLA by interfering with his use of FMLA leave and denying his requests for FMLA leave.

On May 5, 2015, the magistrate judge issued an order granting Hood leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). Although the statute of limitations is an affirmative defense, courts have held that a complaint may be dismissed *sua sponte* under § 1915 if the statute of limitations defense is obvious from the face of the complaint and no development

of the factual record is required to establish it. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *Erline Co. S.A. v. Johnson*, 440 F.3d 648 (4th Cir. 2006) (noting that "in evaluating a complaint filed in forma pauperis pursuant to § 1915, a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such defense"). Based on its review of Hood's complaint, the Court concludes that the complaint plainly shows that Hood's FMLA claims are untimely and that dismissal of Hood's complaint with prejudice is required.

Pursuant to 29 U.S.C. § 2617(c)(1), a plaintiff must bring an FMLA action "not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." The limitations period is extended to three years for FMLA violations that are "willful." 29 U.S.C. § 2617(c)(1). *See Crugher v. Prelesnik*, 761 F.3d 610, 614 (6th Cir. 2014).

In his complaint, Hood alleges that his employment with the USPS was terminated in April of 2004. (Dkt. # 1 at Page ID#2.) Thus, in order to assert a timely FMLA claim, Hood was required to file it no later than April of 2006, or April of 2007 if the alleged violation was willful. Under any liberal construction, Hood's allegations show that his complaint in this case—filed on April 24, 2015—was filed well beyond the applicable limitations period.[1]

In certain instances, a court may apply the doctrine of equitable tolling of the statute of limitations to permit the filing of a time-barred complaint. Equitable tolling is "available only in compelling circumstances which justify a departure from established procedures." *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989). The doctrine is "used sparingly by federal courts. 'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated

---

[1] "[B]ecause a plaintiff need not exhaust administrative remedies before bringing an FMLA action, the filing of a discrimination charge with the EEOC does not toll the FMLA statute of limitations." *Fulghen v. Potter*, No. 10-11150, 2010 WL 486818, at *3 (E.D. Mich. Nov. 16, 2010).

deadline unavoidably arose from circumstances beyond the litigant's control.'" *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)) (citations omitted).

Hood does not mention equitable tolling in his complaint, nor does he allege any circumstances from which the Court could reasonably conclude that some extraordinary circumstance prevented Hood from filing a timely complaint. *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)). Indeed, it is difficult to imagine any circumstance that would have prevented Hood from filing a complaint for eight or more years.

Accordingly, Hood's claims are time-barred.

An Order consistent with this Opinion will be entered.


Dated:  May 15, 2015                                    /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE