UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JULIAN R. HOOD, JR.,

       Plaintiff,                        HON. GORDON J. QUIST

v.                                  Case Nos.  1:15-CV-434;
                                           1:15-CV-435; and
UNITED STATES POSTAL SERVICE,         1:15-CV-436

       Defendant.

_____/

## OPINION

### *The 2014 Lawsuits*

In 2014, Plaintiff, Julian R. Hood, Jr., a former employee of the United States Postal Service, proceeding *pro se*, filed a series of lawsuits with this Court against the USPS and the Postmaster General alleging various claims, all of which arose out of Hood's employment with the USPS, which terminated on in April of 2004.  Instead of bringing all of his claims in one action, Hood essentially brought them in separate complaints.  In Case Nos. 1:14-CV-1104 and 1183, Hood alleged claims for violation of the Rehabilitation Act of 1973.  In Case Nos. 1:14-CV-1180 and 1181, Hood alleged claims under 42 U.S.C. § 1983.  In Case No. 1:14-CV-1182, Hood alleged a claim under 42 U.S.C. § 1981, and in Case No. 1:14-CV-1195, Hood alleged a claim under Title VII of the Civil Rights Act of 1964.

Defendant moved to dismiss all of Hood's claims on the ground that they were barred by a settlement agreement between Hood and the USPS, executed on November 18, 2005; Hood failed to exhaust his administrative remedies; and all of Hood's claims were barred by the applicable statutes of limitations.  Hood filed a response to the motion.  On July 10, 2015, the Court entered

an Opinion and Order granting Defendant's motions. (*See Hood v. Brennan*, No. 1:14-CV-1104 (ECF No. 25).) First, the Court concluded that Hood's claims were barred by the settlement agreement. (*Id.* at PageID.129–30.) Second, the Court held that, to the extent his claims were subject to an exhaustion requirement, Hood failed to exhaust his administrative remedies before filing suit. (*Id.* at PageID.130–31.) Finally, the Court rejected Hood's argument that he was entitled to equitable tolling. (*Id.* at PageID.131–32.)

On July 20, 2015, Hood filed a motion for reconsideration, arguing that he was not afforded an opportunity to address various issues, including the reasons why he failed to timely file his claims. (*Id.* ECF No. 27.) On July 28, 2015, the Court entered an Order denying Hood's motion for reconsideration. (*Id.* ECF No. 29.) In the July 28, 2015 Order, the Court concluded that Hood "had ample opportunity to address the statute of limitations, the settlement agreement, and his failure to exhaust certain claims." (*Id.* at PageID.173–74.) With regard to his equitable tolling arguments, the Court stated:

> Plaintiff devotes a substantial number of pages to explaining how his various mental health conditions and impairments affected his ability to timely pursue his claims and/or seek relief from the Settlement Agreement, which show that Plaintiff was capable of asserting his rights. For example, in spite of his claim of lack of capacity to understand the Settlement Agreement or to file a timely complaint, Plaintiff was able to pursue his claim with the Office of Workers' Compensation, he was able to obtain disability retirement benefits under the Federal Employees Retirement System, and he was able to file an appeal with the Merit Systems Protection Board. These facts are inconsistent with Plaintiff's assertion that he was unable to diligently pursue his claims.

(*Id.* at PageID.174.)

### The Instant Lawsuits

On April 24, 2015, Hood filed three more lawsuits, all of which related to Hood's long-ago terminated employment with the USPS. In Case No. 1:15-CV-434, Hood sued the USPS and the

2

Postmaster General alleging violations of the Family and Medical Leave Act of 1993.  In Case No. 1:15-CV-435, Hood sued the USPS and two Postal unions under Section 301(a) of the Labor Management Relations Act of 1957, alleging that the USPS violated provisions of the Collective Bargaining Agreement and the unions breached their duty of fair representation.  Finally, in 1:15-CV-436, Hood sued the USPS, the Postmaster General, an attorney for the USPS, the previously-mentioned unions, and the attorney and law firm that represented him in his employment disputes with the USPS, alleging various federal and state-law claims.  The Court reviewed the complaints in these cases, and on May 15 and May 28, 2015, entered Opinions, Orders, and Judgments dismissing the cases as barred by the applicable statutes of limitations.

Hood appealed all three Judgments to the Sixth Circuit.  On June 28 and June 29, 2016, the Sixth Circuit entered orders in Hood's appeals vacating this Court's judgments and remanding the cases for further proceedings.  (Case No. 1:15-CV-434, ECF No. 14; Case No. 1:15-CV435, ECF no. 14; Case No. 1:15-CV-436, ECF No. 13.)  The Sixth Circuit said that before dismissing Hood's complaints, the Court should have afforded Hood an opportunity to argue that the limitations periods were tolled by the USPS's and other Defendants' concealment of facts and other misconduct, as well as by Hood's alcohol abuse and mental health issues.

### Screening on Remand

At the time the Sixth Circuit issued its orders in these cases vacating this Court's judgments, this Court had already considered Hood's equitable tolling arguments in the 2014 cases, although it appears that the Sixth Circuit was not aware of this fact.  In any event, Hood has had an opportunity to present his equitable tolling arguments on remand by way of his amended complaints in these cases.  (*See, e.g.*, Case No. 1:15-CV-436, ECF No. 14-1 at PageID.171–75.)

3

As in the 2014 cases, Hood has not shown any basis for equitable tolling. As indicated, all of Hood's claims in these cases, including those he seeks to assert in his amended complaints, pertain to his employment with the USPS. In both its July 10, 2015 Opinion and in its July 28, 2015 Order Denying Motion for Reconsideration in Case No. 1:14-CV-1104, the Court explained why Hood was not entitled to equitable tolling. The case for denying equitable tolling is even stronger in the three instant cases because Hood filed the 2014 lawsuits in October 2014, demonstrating an ability and mental capacity to pursue his claims. *See Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (setting forth five factors a court should consider for equitable tolling).[1] The fact that Hood was actively filing numerous lawsuits six months before he filed the instant three lawsuits is particularly fatal to Hood's equitable tolling argument.[2]  Thus, Hood's claims in these cases are all barred by the applicable statutes of limitations, and Hood is not entitled to the benefit of equitable tolling.

Moreover, Hood's claims in these cases against the USPS and the Postmaster General are barred by the doctrine of claim preclusion based upon the 2014 cases. *See, e.g.*, *Young v. Township of Green Oak*, 471 F.3d 674, 680–81 (6th Cir. 2006). Hood could have raised his claims against the USPS and the Postmaster General in any of the six 2014 lawsuits, but failed to do so.

---

[1]The Court finds it unnecessary to analyze each of the five factors because the factors (1) diligence in pursuing one's rights; (2) absence of prejudice to the defendant; and (3) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement, weigh heavily against equitable tolling.

[2]Hood's argument that he was unaware of his claims and that "Defendants concealed the existence of [his] claims through intentional misrepresentation and omissions" is undermined by Hood's own admissions in his amended complaint in Case No. 1:15-CV-436. ( ECF No. 14-1 at PageID.173.) For example, Hood alleges that "I did not know that malpractice had been committed upon me until, the US MSPB Judge Honorable Nina Puglia, stated that I should have not signed that agreement, which occurred on March 7, 2013." (*Id.* at PageID.158.) Moreover, Hood's allegations of intentional misrepresentation and omissions are nothing more than conclusory statements unsupported by any facts showing that any Defendant concealed some fact that rendered Hood unable to discover the basis of his claims. Finally, even if Defendants concealed any conduct from Hood, Hood failed to exercise due diligence in discovering his causes of action. *Huntsman v. Perry Local Sch. Bd. of Educ.*, 379 F. App'x 456, 461 (6th Cir. 2010) (citing *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1465 (6th Cir. 1988)).

4

### *Conclusion*

For the foregoing reasons, the Court will dismiss these cases with prejudice.

A separate judgment will enter.

Dated:  December 21, 2016                                   /s/ Gordon J. Quist
                                                                        GORDON J. QUIST
                                                                 UNITED STATES DISTRICT JUDGE